## 1593.   WILSON *v.* TUTTLE.

It appearing, from the evidence, that the verdict included certain amounts for which the defendant is not liable in law, the court erred in not granting a new trial.

Appeal, from Effingham superior court—Judge Seabrook. November 14, 1908.

Submitted February 11,—Decided April 15, 1909.

*Strange & Cobb,* for plaintiff in error.

*R. W. Sheppard,* contra.

POWELL, J.  Tuttle sued Florence and George Wilson upon an open account, for $67.60.  The jury found in favor of the plaintiff the full amount claimed, less a conceded credit of $10.  The account began in the year 1906, with an item under date of January 18, of balance due, $37.19.  By an amendment the plaintiff recited that this amount had been agreed upon between him and the defendants as correct, and that his books had been subsequently destroyed and it was impossible for him to list the items going to make up this total.  The other items were regularly set forth.  The defendants demurred to this first charge on the account, because it was not itemized; but the amendment referred to above having been filed and allowed, the court overruled the demurrer.  We think this ruling was correct.  We can not, however, see on what basis the verdict against George Wilson for the full amount found can be sustained.  The facts are rather meagerly and indefinitely set out in the brief of the evidence, but as we understand the plaintiff's testimony, he made the following case: Florence Wilson, a sister of George Wilson, had opened up an account with the plaintiff, and having traded a certain amount and having paid only $10, she was refused further credit.  As we understand the matter, the balance due at this time constituted the item of $37.19, referred to above.  George Wilson and his brother (since deceased, and therefore not joined in the suit) told the plaintiff, at this stage of the matter, to let their sister have such goods as she wanted, and they would pay for them in the fall of 1906.  The plaintiff continued to sell the sister goods not only throughout the year 1906, but also up to June 8, 1907.  In the fall of 1906 the plaintiff presented his account to George Wilson, who then refused to pay it.  He never told the plaintiff to let his sister have any goods in the year 1907.

The liability of George Wilson for so much of the account as was made prior to the time that he and his brother told the plaintiff to furnish goods to their sister must fail, by reason of the

fact that it was not in writing; for, being a promise to answer for the then existent debt of another it was within the statute of frauds. Certainly George can not be held responsible for such goods as were furnished to his sister after his refusal to pay and his denial of liability in the fall of 1906; for this was necessarily in legal effect a withdrawal of any assent to being further bound for any goods to be sold to his sister. He might be held liable for such goods as were furnished between the time he gave the instructions to furnish his sister and the time when he gave the plaintiff notice that he would no longer be liable. The mere fact that they were charged on the plaintiff's books as being bought by Florence Wilson would not change George Wilson's liability in this respect. *Flournoy* v. *Wooten*, 71 *Ga.* 169.

Ordinarily we could make final disposition of the matter by giving direction for the writing off of the unauthorized portions of the recovery, but the record before us does not furnish a sufficient basis for the calculation; hence it is necessary to grant a new trial, that the error may be rectified. *Judgment reversed.*